Barnés et al. *v.* El Pueblo.

Apelación procedente de la Corte de Distrito de Ponce.

No. 75.—Resuelto en febrero 18, 1907.

Excepción Previa—Devolución de Impuestos ó Arbitrios.—Una demanda en reclamación de cantidades pagadas por el demandante, al Tesoro Insular, en concepto de impuestos ó arbitrios sobre la venta de determinado alcoholado, y en que se alegue que los demandantes se vieron obligados á verificar el pago de tales cantidades para no verse envueltos en un proceso criminal, y que dicho pago se hizo contra su voluntad, erróneamente y bajo protesta, expresa causa de acción, y no puede ser impugnada, bajo el fundamento de que de ella resulta, que el pago se hizo voluntariamente y sin ninguna obligación legal.

Apelación—Pruebas—Relación de Hechos—Aprobación del Juez—Convenio de las Partes.—Para que en una apelación puedan discutirse cuestiones fundadas en la prueba practicada en el juicio, es indispensable que la prueba se haya consignado en una relación de hechos, que necesariamente debe ser aprobada por el juez, no siendo suficiente el convenio de ambas partes, por lo que respecta á la fidelidad de la relación, sin la aprobación del juez, para darle la debida autenticidad.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Poventud.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. Figueras emitió la opinión del tribunal.

Ante la Corte de Distrito de Ponce se presentó la siguiente demanda enmendada:

"Los demandantes se querellan y alegan:

"1º. Que son dueños de una destilería, sita en esta ciudad de

Ponce, que se utiliza exclusivamente para la fabricación de la *preparación medicinal de propiedad exclusiva* conocida por "Alcoholado Barnés".

"2°. Que la ley de arbitrios sobre líquidos alcohólicos etc., etc., en vigor hasta julio 1 de 1905, disponía que "preparaciones medicinales de patentes etc., etc., solamente pagarían *el cinco por ciento sobre el valor de la factura.*"

"3°. Que en virtud de la precedente disposición legal, los demandantes hasta la citada fecha de julio 1 de 1905, solamente pagaban al Tesoro Insular en concepto de arbitrios ó impuestos, el *cinco por ciento* sobre el valor de la factura por la venta de su alcoholado, pues era una preparación medicinal y el Gobierno la reconocía como tal.

"4°. Que en nueve de marzo de 1905, la Asamblea Legislativa de Puerto Rico aprobó una ley para enmendar la que se cita en la alegación 2 de esta demanda, la cual empezó á regir el 1 de Julio de 1905, y mediante cuya ley se establece que: "Sobre toda preparación medicinal de propiedad exclusiva &, se pagará un impuesto de cinco por ciento *ad valorem.*

"5°. Que la Ley de arbitrios citada en la alegación 4, que ahora rige y la citada en la alegación 2, en nada difieren.

"6°. Que el 'Alcoholado Barnés' aún continúa siendo una preparación medicinal de propiedad exclusiva.

"7°. Que el Gobierno se ha empeñado en imponer y cobrar á los demandantes un impuesto de *veinte y seis* centavos por cada litro ó fracción de litro que vendan de su alcoholado como si no fuera una preparación medicinal.

"8°. Que los demandantes han vendido y despachado á los Sres. José Romaguera & Co. desde el seis de septiembre de 1905 hasta el 19 de abril de 1906, 2999 litros del mencionado 'Alcoholado Barnés,' por la suma de $1,225.96 y que, al vender los citados litros de dicho alcoholado, se vieron obligados, para no verse envueltos en un proceso criminal, á pagar, contra su voluntad, erróneamente y bajo protesta, al Pueblo de Puerto Rico la cantidad de $779.74 en calidad de impuesto ó arbitrio sobre el mismo, como si el expresado alcoholado no fuera una preparación medicinal; siendo así que el Pueblo de Puerto Rico solamente tenía derecho á percibir por los 2,999 litros, la suma de $61.30 ó sea el *cinco por ciento* sobre los $1,225.96, que es el valor de la factura.

"9°. Que de lo que precede se desprende que hay á nuestro favor una diferencia, entre lo que se tenía derecho á percibir y lo que en

realidad se percibió, de $718.44, cuya suma obra ilegalmente en poder del Pueblo de Puerto Rico.

"Por tanto, á la Hon. Corte suplico se sirva dictar sentencia declarando que la ley y los hechos favorecen á la parte actora y, en su consecuencia, ordenar la devolución de la expresada suma de $718.44 que ilegalmente percibió el Pueblo de Puerto Rico de los demandantes y condenar al pago de todas las costas al demandado.

"Ponce, P.R. 1 de junio de 1906.   José A. Poventud, Ab. de los demandantes.—Recibí copia hoy 2 de junio de 1906.—Julio M. Padilla, Ab. del demandado."

A dicha demanda se opuso por el demandado la excepción previa consistente en que no aduce hechos suficientes para determinar una causa de acción porque no aparece que el pago de $718.44 fué involuntario ó por coacción, sino que por el contrario resulta que se hizo voluntariamente y sin ninguna obligación legal.

La corte en 20 de julio de 1906 declaró sin lugar esa excepción sin especial condenación de costas, y concedió diez días á El Pueblo de Puerto Rico para contestar la demanda.

En 30 de julio de 1906 El Pueblo de Puerto Rico contestó la demanda, admitiendo algunas de las alegaciones de ella y negando otras, pero sosteniendo que los 779 pesos 74 centavos fueron justamente debidos en calidad de impuesto sobre 2,999 litros de la preparación denominada "Alcoholado Barnés" y dicha cantidad fué legalmente cobrada por El Pueblo de Puerto Rico porque tenía derecho á percibir dicha suma.

En 14 de agosto del año citado se llamó el pleito para juicio ante la Corte de Distrito de Ponce y ésta, después de oir la lectura de la demanda, su contestación, las pruebas presentadas por las partes y sus argumentaciones, pronunció sentencia y declaró sin lugar la demanda, condenando á los demandantes al pago de las costas del pleito ascendentes á  *  *  *

Los demandantes ó sea Doña Dolores G. Viuda de Barnés y Don Joaquín, del propio apellido, por medio de su abogado Don José A. Poventud, establecieron recurso de apelación

contra la anterior resolución y ante esta Corte Suprema presentó su alegato escrito que fué impugnado en igual forma por el fiscal, teniendo lugar la vista de este caso sin que á ella concurriera ninguna de las partes.

En primer término, se presenta á nuestra consideración si la excepción previa opuesta á la demanda debió prosperar ó si por el contrario procedió correctamente el Juez de la Corte de Ponce, al denegarla.

Desde luego, que estuvo bien rechazada, porque la demanda, entre otras alegaciones, expresa con claridad el motivo porqué se pagó la cantidad que se reclama, que fué, según los demandantes "obligados por no verse envueltos en un proceso criminal", "contra su voluntad", "erróneamente" y "bajo protesta" y esas alegaciones son por sí solas suficientes para llenar el vacío que el fiscal de la corte de distrito creyó notar al oponer la excepción, como también lo ha creído el de esta corte al insistir en la procedencia de la referida excepción.

Por ahora se dice que el pago se hizo involuntariamente y bajo protesta. Esto es bastante para la admisión de la demanda. La certeza ó nó de esas alegaciones ha de resultar de las pruebas que en el juicio se practiquen.

La otra cuestión que debiera resolverse es de fondo y se reduce á precisar si el "Alcoholado Barnés" que fabrican los demandantes debe pagar, como ellos sostienen, el cinco por ciento *ad valorem* como arbitrio impuesto por la Ley de Rentas, considerándolo como un "preparado medicinal" ó si en todo caso, como sostiene El Pueblo de Puerto Rico, debe pagar veinte y seis centavos por cada litro ó fracción de litro por ser un líquido espirituoso, destilado y producido en esta Isla.

Por eso es que los demandantes creen que han pagado con exceso 718 pesos 44 centavos, cuya devolución solicitan en su demanda y por eso es que El Pueblo de Puerto Rico se opone á su devolución porque cree, dentro de su punto de vista, que tiene derecho á percibir como percibió 779 pesos 74 centavos

por el impuesto ó arbitrio sobre 2,999 litros del "Alcoholado
Barnés" vendido por los demandantes á los Sres. José Roma-
guera y Ca.

Pero el Juez de la Corte de Ponce llegó sobre esos puntos
á la conclusión que revela su sentencia, después de oír las
pruebas que las partes aportaron al juicio.

No hay en este recurso términos hábiles para juzgar si fué
errónea ó nó su apreciación y para saber si se formuló ó nó
la protesta á que se refiere la demanda; en una palabra, si se
justificaron ó nó las alegaciones que contienen la demanda y
contestación.

No tenemos una relación de hechos ó exposición del caso
que pueda merecer nuestra consideración.

Aparece sí en la transcripción de los autos una exposi-
ción de hechos firmada y convenida entre el abogado Don
José A. Poventud, en representación de los demandantes y
Don J. Henri Brown, fiscal y abogado de El Pueblo de Puerto
Rico.

Esa exposición de hechos presentada á la Corte de Distrito
de Ponce, lleva fecha de 7 de septiembre de 1906, posterior,
por consiguiente, á la sentencia y al escrito, interponiendo el
recurso de apelación.

Esa exposición, por más que esté convenida por las partes,
no está firmanda ni aprobada por el Juez de la Corte de Ponce
y en tales condiciones no podemos darle valor alguno.

La razón es óbvia; si por medio del recurso de apelación
se impugna su sentencia, es necesario que tengamos á la vista
toda la prueba que el juez sentenciador tuvo en cuenta para
dictarla en el sentido que la dictó y hoy, por medio de esa ex-
posición convenida pero sin aprobación, no sabemos si se prac-
ticó y tuvo presente el juez otra prueba que no consta relacio-
nada en la exposición defectuosa que aquí tenemos.

Falta, por consiguiente, base para apreciar con acierto la
prueba y hay que suponer que la resolución apelada es

correcta y debe por consiguiente confirmarse en todas sus partes con las costas á los apelantes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández y MacLeary.

El Juez Asociado, Sr. Wolf, no intervino en la resolución de este caso.